# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Roger Pringle, | ) | CASE NO. 1:17 CV 2425 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| Government Office of Cuyahoga | ) | **MEMORANDUM OPINION** |
| County Ohio Prosecution, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Roger Pringle, a prisoner incarcerated in the State of Indiana, has filed this civil rights action under 42 U.S.C. § 1983 against the "Government Office of Cuyahoga [County] Ohio Prosecution." (Doc. No. 1.) His pleadings are unclear, but he appears to contend his rights were violated, including his right against double jeopardy, in connection with a burglary charge in a 1988 criminal case prosecuted against him in Cuyahoga County. He appears to seek damages and to have his burglary conviction vacated. (*See id.* at 4.)

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). District courts are required, under 28 U.S.C. § 1915A, to screen all complaints in which a prisoner seeks redress from a governmental entity, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may

be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

The plaintiff's complaint must be dismissed under § 1915A.

To the extent the plaintiff is asking the Court to vacate a state-court criminal conviction because it was obtained in violation of his rights under the Constitution, he has failed to allege any cognizable civil rights claim under § 1983. "The proper vehicle to challenge a [state] conviction is through the state's appellate procedure and, if that fails, habeas relief under 28 U.S.C. § 2254." *Jackim v. City of Brooklyn*, No. 1: 05 CV 1678, 2010 WL 4923492, at *4 (N.D. Ohio November 29, 2010). A prisoner may not use a civil rights action as an alternative to a petition for a writ of habeas corpus to challenge the legality of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-900 (1973). Further, under the *Rooker-Feldman* doctrine, federal district courts lack subject-matter jurisdiction to review state court judgments. *See, e.g., Blackburn v. Jansen*, 241 F. Supp. 2d 1047, 1049, n. 2 (D. Neb. 2003) ("insofar as the plaintiff seeks in this case to challenge his conviction for a domestic-violence misdemeanor, the '*Rooker–Feldman* doctrine' bars this court from correcting a state court judgment, and no relief is available in this court to do so").

To the extent the plaintiff seeks money damages arising from an allegedly unlawful state-court conviction, his action is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). *Heck* held that a plaintiff may not pursue a § 1983 damages claim arising out of an allegedly unlawful conviction or sentence unless and until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Until such time, a cause of action under § 1983 is not cognizable. Nothing in the plaintiff's complaint suggests that the state criminal conviction of which

he complains has been called into question or invalidated in any of the ways articulated in *Heck*.

Additionally, the only defendant in the case, the Cuyahoga County Prosecutors Office, is not subject to suit under § 1983. *See, e.g., Pratt v. Ohio*, Case no. 1: 15 CV 510, 2015 WL 5447789, at \*2 (S.D. Ohio Sept. 16, 2015).

### Conclusion

Accordingly, the plaintiff's complaint in this case is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 15, 2018

-3-